STATE of Wisconsin EX REL. Ruven George SEIBERT,
Petitioner-Petitioner,

v.

Phillip MACHT, Director, Wisconsin Resource Center
and Circuit Court for Outagamie County,
Respondents.†

Supreme Court

*No. 99–3354–W. Oral argument April 11, 2001.—Decided
June 19, 2001.*

2001 WI 67

(Also reported in 627 N.W.2d 881.)

†Motion for Reconsideration filed 7-9-01.

[1] See Callaghan's Wisconsin Digest, same topic and section number.

For the petitioner-petitioner there were briefs by *Gregory P. Seibold* and *Murphy & Desmond, S.C.*, Madison, and oral argument by *Gregory P. Seibold*.

For the respondents the cause was argued by *Stephen W. Kleinmaier*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

An amicus curiae brief was filed by *Joseph N. Ehmann* and *Glenn L. Cushing*, assistant state public defenders, on behalf of the Office of the State Public Defender.

An amicus curiae brief was filed by *Howard B. Eisenberg,* Milwaukee.

¶ 1. JON P. WILCOX, J. This case presents two issues. The first issue is whether an indigent sexually violent person, as defined by Wis. Stat. Chapter 980 (1999–2000),[1] is constitutionally entitled to assistance of counsel in bringing his or her first appeal as of right from a denial of his or her petition for supervised release. Because due process and equal protection concerns are implicated, we rule that an indigent sexually violent person is constitutionally entitled to assistance of counsel in bringing a first appeal as of right from a denial of his or her petition for supervised release.

¶ 2. The second issue is whether there is ineffective assistance of counsel where appellate counsel filed an appeal from a petition for supervised release one day late. On the unique facts of this case, we find that there was ineffective assistance of counsel where the notice of appeal for the denial of the petition for supervised release was filed one day late in circuit court. Moreover, we find that under the United States Supreme Court's decisions in *Douglas v. California*, 372 U.S. 353 (1963), *Anders v. California*, 386 U.S. 738 (1967), and their progeny, the court of appeals cannot conduct an independent review for error where the individual lacks requested representation, whether that representation encompasses briefing on the mer-

---

[1] All subsequent references to the Wisconsin Statutes will be to the 1999–2000 version unless otherwise indicated.

its or an *Anders* brief.[2] Accordingly, we remand Seibert's cause to the court of appeals with instructions to appoint new appellate counsel who may submit either a brief on the merits or an *Anders* brief.

¶ 3. The petitioner, Ruven Seibert (Seibert), who was deemed a sexually violent person under Chapter 980, petitioned the Outagamie County Circuit Court, Dee R. Dyer, Judge, for supervised release and the circuit court denied his petition. The court of appeals subsequently dismissed Seibert's appeal as untimely. *Seibert v. Macht*, No. 99–2046–NM, order (Wis. Ct. App. Sept. 24, 1999). Seibert then filed a petition for a writ of habeas corpus, arguing that his right to effective assistance of counsel had been violated and requesting reinstatement of his right to appeal the denial of his petition for supervised release. *Seibert v. Macht*, No. 99–3354–W, unpublished slip op. at 1–2 (Wis. Ct. App. Aug. 22, 2000). The court of appeals rejected his petition for writ of habeas corpus in an unpublished decision and order. *Id.* at 9. We accepted Seibert's pro se petition for review and appointed counsel. For the following reasons, we reverse the decision of the court of appeals and remand the cause with instructions.

---

[2] An *Anders* brief is submitted to an appellate court when counsel finds his or her client's case is "wholly frivolous, after a conscientious examination of it." *Anders v. California*, 386 U.S. 738, 744 (1967). In such a case, counsel may request permission to withdraw. But counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* This brief is thus commonly referred to as an *Anders* brief. After an *Anders* brief is submitted, the appellate court, "after a full examination of all the proceedings," determines "whether the case is wholly frivolous." *Id.*

I

¶ 4. The facts are undisputed. In January of 1996, Seibert was deemed to be a sexually violent person under Chapter 980 and committed to the custody of the Department of Health and Human Services. Seibert then petitioned the circuit court for supervised release. The State Public Defender's office appointed trial counsel to represent Seibert. On November 16, 1998, the circuit court denied Seibert's petition orally on the record and Seibert said, "Your Honor, I would like to appeal this decision." The circuit court responded, "You may talk with [your trial counsel] about all of your appellate rights, Mr. Seibert." The circuit court entered the order of judgment denying the petition on March 12, 1999. Subsequent to the circuit court's ruling, trial counsel filed a Notice of Intent to Pursue Post-Judgment Relief, indicating that Seibert would appeal and requesting that the State Public Defender's office appoint appellate counsel to represent Seibert.

¶ 5. Just over one month later, on April 13, 1999, appellate counsel filed notice of appointment to represent Seibert. On June 11, 1999—91 days after the entry of judgment in the Outagamie County Circuit Court—appellate counsel filed the notice of appeal in the circuit court, which was one day late. *See* Wis. Stat. § 808.04(1). Even though the notice of appeal was filed timely in the court of appeals for District III in Madison, the court of appeals lacked jurisdiction over the appeal because appellate counsel had filed one day late in Outagamie County. *See* Wis. Stat. § 809.10(1)(b). Attempting to correct the problem, appellate counsel filed an amended notice of appeal on July 6, 1999, which indicated that she would be filing a no merit report per *Anders* and Wis. Stat. § 809.32. The

court of appeals dismissed the appeal as untimely per Wis. Stat. § 808.04(1). *Seibert v. Macht*, No. 99–1574, order (Wis. Ct. App. July 9, 1999). Appellate counsel then filed another appeal, again indicating that she would be filing a no merit report. The court of appeals responded as it did before, dismissing this second appeal as untimely. *Seibert v. Macht*, No. 99–2046–NM, order (Wis. Ct. App. Sept. 24, 1999).

¶ 6. Proceeding pro se, Seibert petitioned for habeas corpus relief in the court of appeals, which is the action presently before us. His writ asserts that the assistance of counsel he received was ineffective and seeks reinstatement of his right to appeal the denial of his petition for supervised release. Acknowledging appellate counsel's belated filing of the notice of appeal from the denial of his petition for supervised release, the court of appeals proceeded to conduct an independent review of the trial record of that action in the context of his habeas petition. *Seibert*, No. 99–3354–W, unpublished slip op. at 3–9. According to the court, this independent review revealed "that any potential appellate issue would lack arguable merit within the meaning of *Anders*." *Id.* at 2. On this ground, the court concluded that the case was appropriate for summary disposition and denied Seibert's writ. *Id.* at 9.

¶ 7. We granted Seibert's petition for review on September 6, 2000, and appointed counsel, directing the parties to address the United States Supreme Court's decisions in *Penson v. Ohio*, 488 U.S. 75 (1988), and *Smith v. Robbins*, 528 U.S. 259 (2000).

II

■

¶ 8. Seibert asks this court to determine whether he has a constitutional right of counsel on appeal and,

if that constitutional right was violated, what is the appropriate remedy. Thus, he presents us with two questions of law, which we undertake our review without deference to the decision of the court of appeals. *See State ex rel. Warren v. Schwarz*, 219 Wis. 2d 615, 647, 579 N.W.2d 698 (1998); *State v. Harris*, 199 Wis. 2d 227, 237, 544 N.W.2d 545 (1996).

¶ 9. At the outset, we observe that the State and Seibert are in remarkable agreement on most aspects of this case. Both the State and Seibert agree that the court of appeals did what the United States Supreme Court forbade in *Penson* by independently reviewing the record for reversible error when Seibert was not represented by counsel in the context of his habeas petition. 488 U.S. at 81–83. Thus, the parties agree that the decision of the court of appeals must be reversed. The State and Seibert are also in accord that Seibert has a statutory right of counsel per Wis. Stat. § 980.03(2)(a).

¶ 10. Moreover, the State concedes, as Seibert advances, that Seibert has a constitutional right of counsel upon appeal, but the State urges us to acknowledge only his statutory right to counsel. According to the State, we should decide this issue on the "narrowest possible grounds," and "not reach constitutional issues where the resolution of other issues disposes of an appeal." *State v. Castillo*, 213 Wis. 2d 488, 492, 570 N.W.2d 44 (1997). However, because an indigent defendant's right of counsel implicates equal protection and due process concerns, we reject the State's argument and acknowledge Seibert's constitutional right of counsel.

¶ 11. The United States Supreme Court has termed the Sixth Amendment right of counsel as fun-

damental. *Powell v. Alabama*, 287 U.S. 45, 68 (1932).
Thereafter, the Supreme Court ruled that the Sixth
Amendment right of counsel applies to the states
through the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335, 342–44 (1963). On this score, the
Supreme Court has noted:

> There is lacking that equality demanded by the
> Fourteenth Amendment where the rich man, who
> appeals as of right, enjoys the benefit of counsel's
> examination into the record, research of the law,
> and marshalling of arguments on his behalf, while
> the indigent, already burdened by a preliminary
> determination that his case is without merit, is
> forced to shift for himself.

*Douglas v. California*, 372 U.S. 353, 357–58 (1963).
Although the states are not constitutionally required to
provide appellate review of criminal convictions, where
such review is afforded, it cannot discriminate against
indigent individuals. *Griffin v. Illinois*, 351 U.S. 12, 18
(1956). Discrimination against indigent individuals on
appellate review implicates equal protection and due
process concerns: "[b]oth equal protection and due process emphasize the central aim of our entire judicial
system—all people charged with crime must, so far as
the law is concerned, 'stand on an equality before the
bar of justice in every American court.' " *Id.* at 17.
Accordingly, as the Supreme Court made clear in its
watershed *Douglas* decision, the right of counsel for
indigent defendants is rooted not only in the Sixth
Amendment, but in the Equal Protection and Due Process clauses of the Fourteenth Amendment. 372 U.S. at
356–58.

388

¶ 12. As *Douglas* explained, the right of counsel flows along with the right of appeal. *Id.* at 356. In Wisconsin, the right of appeal from a criminal conviction is afforded to defendants by our state constitution. *See* Wis. Const. art. I, § 21. In accordance with *Griffin*, then, we have previously noted that "[d]ue process requires that a criminal defendant receive effective assistance of appellate counsel in bringing the first appeal as of right." *State v. Knight*, 168 Wis. 2d 509, 511–12, 484 N.W.2d 540 (1992). Although a sexually violent person, committed under Chapter 980, is not a criminal defendant, he or she has the same constitutional rights as a criminal defendant. *See* Wis. Stat. § 980.05. It therefore follows that an individual committed under Chapter 980 has a constitutional right of counsel in bringing his or her first appeal as of right, emanating from both the Fourteenth Amendment's Equal Protection Clause and Due Process Clause as well as the Sixth Amendment's right of counsel.[3] This right of counsel encompasses the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *State v. Flores*, 183 Wis. 2d 587, 605, 516 N.W.2d 362 (1994). Consequently, we recognize Seibert's constitutional right of counsel—including the right to effective assistance of counsel—on his first appeal as a matter of right.

III

¶ 13. An appellant's indigence weighs heavily on his or her constitutional right to effective assistance of

---

[3] However, there is no constitutional right of counsel for a discretionary appeal. *See Ross v. Moffitt*, 417 U.S. 600 (1974).

counsel, raising the specter of due process and equal protection violations. The crux of the problem is that, as a practical matter, appointed counsel—conserving scarce public resources—is perhaps more apt to withdraw, finding the appeal frivolous, than counsel for a full-paying client. *See McCoy v. Court of Appeals of Wisconsin, District I*, 486 U.S. 429, 438 (1988) (noting that an *Anders* brief is "seldom, if ever, filed by retained counsel" but this fact does not compromise the principle of "substantial equality"). Regardless, where an indigent defendant has appointed counsel and desires to pursue his or her first appeal of right, there is a risk that he or she will not receive due process or equal protection of the law.

¶ 14. To address this risk, the Supreme Court devised the *Anders* "prophylactic framework," which requires that appellate counsel seeking to withdraw after finding the individual's appeal frivolous submit a brief "referring to anything in the record that might arguably support the appeal." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Anders*, 386 U.S. at 744. The *Anders* brief is intended "to vindicate the constitutional right to appellate counsel announced in *Douglas*." *Smith*, 528 U.S. at 273. After appellate counsel submits an *Anders* brief requesting to withdraw because an appeal would be frivolous, it is the duty of the appellate court to conduct "a full examination of all the proceedings" and to determine if the appeal would indeed be wholly frivolous. *Anders*, 386 U.S. at 744. However, if the appellate court conducts this full examination where the appellant has no representation, even though the appellant has requested representation, it violates the dictates of *Douglas* and the holding of *Penson. Penson*, 488 U.S. at 86. To be sure, there may be

some redundancy inherent in the *Anders* prophylactic framework because both appellate counsel and the appellate court review the record. But any such redundancy helps vindicate an indigent individual's constitutional right of counsel, thus outweighing the cost of the duplicative review. The *Anders* brief, then, is a safe harbor when counsel believes that a brief on the merits is inappropriate and, as such, it endeavors to protect an indigent individual's right of counsel on appeal.

¶ 15. In the present case, appellate counsel intended to file a no merit report per *Anders*, which would have preserved Seibert's right to counsel on appeal from the denial of his petition for supervised release. Although the notice of appeal was filed timely with the court of appeals in Madison, it was not filed until one day late with the circuit court in Outagamie County. The record here indicates that Seibert unequivocally desired to appeal the denial of his petition for supervised relief. The State has not highlighted any fact that indicates otherwise. As we have previously stated in accord with *Strickland*, "[i]n order to prove a claim of ineffective assistance of counsel, the defendant must show that his or her counsel performed deficiently and that the deficient performance prejudiced the defense." *State ex rel. Schmelzer v. Murphy*, 201 Wis. 2d 246, 253, 548 N.W.2d 45 (1996); *see Roe v. Flores-Ortega*, 528 U.S. 470 (2000) (ruling that *Strickland* provides the analytical framework where counsel fails to file notice of appeal). In circumstances such as these, missing the deadline to file an appeal is

deficient performance that denied Seibert the right to counsel.[4] *Id.* at 253–54.

¶ 16. Seibert's loss of the right to appeal from the denial of his petition for supervised release under these circumstances was prejudicial because "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland*, 466 U.S. at 692. We recognize that many habeas corpus petitions asserting ineffective assistance of counsel may require an evidentiary hearing by a referee or circuit court for fact-finding, perhaps to ascertain whether the counsel's failure to file was due to instructions to that effect from his or her client.[5] *See Knight*, 168 Wis. 2d at 521 (appellate court has authority to submit issue of ineffective assistance of counsel to referee or circuit court for fact-finding during habeas proceeding). We therefore confine our holding on ineffective assistance of counsel to the facts of this case, which show that Seibert clearly expressed his desire to appeal from the denial of his petition for supervised

[4] The schedule in Wis. Stat. § 809.32(2) conflicts with the schedule in Wis. Stat. § 808.04. While we resolve this problem in footnote 8, we observe here that it may have been the source of confusion on the appeal from the denial of Seibert's petition for supervised release in this case.

[5] The State asked for this evidentiary hearing before the court of appeals as well. *Seibert v. Macht*, No. 99–3354–W, unpublished slip op. at 3–4 n.3 (Wis. Ct. App. Aug. 22, 2000). The court of appeals, in rejecting the State's argument, stated that "[a] remand is unnecessary. At the end of the November 16, 1998, hearing on Seibert's motion, Seibert stated on the record that he desired to appeal." *Id.* The court of appeals further noted that "[w]e are satisfied that the failure to file a requested notice of appeal in a timely fashion constitutes ineffective assistance of appellate counsel." *Id.* at 3.

392

release and the notice of appeal was filed timely with the court of appeals in Madison, but missed the deadline in Outagamie County Circuit Court by one day, which abrogated Seibert's constitutional right to assistance of counsel.

██

¶ 17. But the court of appeals also violated Seibert's constitutional right to assistance of counsel when it conducted an independent review of the trial record for error in the context of his habeas proceeding, contrary to the Supreme Court's rulings in *Douglas, Anders* and their progeny. In fashioning a remedy for Seibert, we turn to the Supreme Court's decision in *Penson* for guidance. 488 U.S. 75.

¶ 18. In *Penson*, an indigent defendant, convicted of several counts of felonious assault, desired to appeal. *Id.* at 77–79. The state appointed him appellate counsel. *Id.* at 77. His counsel, seeking to withdraw, filed a "Certification of Meritless Appeal and Motion" with the Ohio Court of Appeals, but did not include an *Anders* brief. *Id.* at 77–78. Nevertheless, the Ohio Court of Appeals granted counsel's motion to withdraw and then, without assistance of counsel for the petitioner, proceeded with its own examination of the record to determine whether the defendant received a fair trial or whether there were any prejudicial errors. *Id.* at 79. The court found " 'several arguable claims,' " including plain error as to one count, which it reversed. *Id.* However, because the defendant did not receive assistance of counsel upon appeal, the Supreme Court found the Ohio Court of Appeals' actions anathema to the Constitution, particularly as explained in its *Douglas* and *Anders* decisions. *Id.* at 83–85. In the present case, as acknowledged by the parties, the court of appeals' independent review of the record without the benefit of

counsel is similar to the Ohio Court of Appeals' constitutionally infirm actions in *Penson*, and compels us to reverse.

¶ 19. *Penson*, however, not only reiterates the constitutional imperatives regarding the right to appellate counsel outlined in *Douglas* and *Anders*, it is also instructive on the appropriate remedy when a court disregards those imperatives. In *Penson*, the Supreme Court rejected the state's argument that the defendant needed to show "prejudice" under *Strickland*, 466 U.S. 668. In so doing, the Supreme Court stated that "it is important to emphasize that the denial of counsel in this case left petitioner completely without representation during the appellate court's actual decisional process. This is quite different from a case in which it is claimed that counsel's performance was ineffective." *Penson*, 488 U.S at 88. As such, the denial of counsel in these circumstances gives rise to a "presumption of prejudice," rendering any actual finding of prejudice under *Strickland* superfluous. *Id.* at 88–89. Accordingly, we find that Seibert, who clearly indicated his desire to pursue an appeal of the circuit court's order denying his petition for supervised release on the record, is not required to demonstrate prejudice at an evidentiary hearing. While the State urges us to subject Seibert to this procedural hurdle under *Strickland*, we note that *Strickland* is applicable only where an individual is represented by counsel.[6]

---

[6] The State's evidentiary hearing would fail to address the constitutional violation that occurred in the context of Seibert's habeas petition: the court of appeals' independent review of the record. *See Penson v. Ohio*, 488 U.S. 75 (1988). As the Supreme Court observed in *Smith v. Robbins*, 528 U.S. 259, 286 (2000), "[t]he applicability of *Strickland*'s actual-prejudice prong to Robbins's claim of ineffective assistance follows from *Penson*,

*See Jenkins v. Coombe*, 821 F.2d 158, 161 (2d Cir. 1987) (finding *Strickland* inapplicable where defendant had "no counsel or, at best, nominal counsel to represent his interests on the state appeal"). When the court of appeals independently reviewed the trial record for error in the context of Seibert's habeas proceeding, he was not represented by counsel, in violation of the commands of *Douglas* and *Anders*.[7]

¶ 20. In light of the denial of counsel Seibert suffered, we decline to remand the present case to the circuit court for an evidentiary hearing on ineffective assistance of counsel as requested by the State. Instead, we remand the present case to the court of appeals, which will appoint Seibert new appellate counsel and reinstate his right to appeal from the cir-

where we distinguished denial of counsel altogether on appeal, which warrants a presumption of prejudice, from mere ineffective assistance of counsel on appeal, which does not."

[7] The Sixth, Second, Eighth and Eleventh Circuit Courts of Appeals have found remand to the appellate court with instructions to appoint appellate counsel the appropriate remedy where the defendant's constitutional rights have similarly been infringed. *See Freels v. Hills*, 843 F.2d 958, 963 (6th Cir. 1988) (refusing to apply two-part *Strickland* test because "the obligation of advocacy required of counsel by *Anders* is of such a quality that it is not subject to waiver or excuse"); *Jenkins v. Coombe*, 821 F.2d 158, 161 (2d Cir. 1987) (cited above); *Robinson v. Black*, 812 F.2d 1084, 1086–88 (8th Cir. 1987) (asserting that case should be remanded to state supreme court and new counsel appointed where court found "that *Anders'* dictates were woefully unsatisfied" but not applying *Strickland* test to counsel's performance); *Cannon v. Berry*, 727 F.2d 1020, 1021–24 (11th Cir. 1984) (asserting that requiring a defendant to show actual prejudice where appellate court reviewed defendant's trial record for errors and defendant lacked representation would lead to an erosion of *Anders*).

cuit court's denial of his petition for supervised release. To secure Seibert's constitutional right of counsel on his first appeal as a matter of right, we adopt the prophylactic framework of *Anders* and its progeny for Chapter 980 cases. Accordingly, appellate counsel may file a brief on the merits or an *Anders* brief.[8] We urge the court of appeals to provide flexibility in setting the briefing schedule.

## IV

¶ 21.　In conclusion, we recognize Seibert's constitutional right of counsel on his first appeal as a matter of right. We find that his attorney's failure to timely file Seibert's notice of appeal ran afoul of *Strickland* under these extraordinary circumstances. Moreover, we find that the court of appeals disregarded his constitutional

---

[8] As previously noted, the schedule set forth in Wis. Stat. § 809.32(2), which provides 180 days to file a "no merit brief" after the trial transcript is served on the defendant conflicts with the schedule in § 808.04, which provides that an appeal from a civil judgment or order must take place within 45 or 90 days. This discord exists because a no merit brief is submitted on appeal from a criminal conviction. However, Chapter 980 proceedings are civil and, therefore, the schedule set forth in § 808.04, which provides 45 or 90 days, applies. *See State v. Post*, 197 Wis. 2d 279, 290–307, 541 N.W.2d 115 (1995) (explaining the Chapter 980 statutory scheme); *Seibert v. Macht*, No. 99–3354–W, unpublished slip op. at 3 n.2 (Wis. Ct. App. Aug. 22, 2000). We leave the issue of whether Chapter 980 appeals should be exempted from § 808.04 to the legislature. We note that the Judicial Council is currently weighing legislation to amend § 808.04(3) to include Chapter 980 proceedings. However, as the law currently stands, § 808.04 governs Chapter 980 appeals, and counsel for an individual committed under chapter 980 who wishes to appeal as a matter of right may either file a brief on the merits or an *Anders* brief.

right of counsel in the context of his habeas proceeding by independently reviewing the record for reversible error. Accordingly, we adopt the prophylactic framework of *Anders* for Chapter 980 appeals in order to preserve Seibert's constitutional right of counsel on appeal.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded to the court of appeals.