STATE of Wisconsin EX REL. Ruven George SEIBERT,
Petitioner-Petitioner,

v.

Phillip MACHT, Director, Wisconsin Resource Center and Circuit Court for Outagamie County, Respondents.

Supreme Court

*No. 99–3354–W. Filed February 8, 2002.*

2002 WI 12

(Also reported in 639 N.W.2d 707.)

¶ 1.   PER CURIAM.   Respondents Phillip Macht

and the Circuit Court for Outagamie County move this court for reconsideration of its opinion in *State ex rel. Seibert v. Macht*, 2001 WI 67, 244 Wis. 2d 378, 627 N.W.2d 881, for the limited purpose of revising or correcting sentences in two paragraphs of the court's opinion.

¶ 2. The motion for reconsideration is denied without costs. However, having carefully considered the respondents' arguments, the court makes the following revisions:

(1) Paragraph 12, beginning with the fourth sentence, is revised to read:

> An alleged sexually violent person, subject to commitment under Chapter 980, is not a criminal defendant. However, such a person has the same constitutional rights as a criminal defendant at trial. This is recognized in Wis. Stat. § 980.05(1m), which provides: "All constitutional rights available to a defendant in a criminal proceeding are available to the person." We think it follows that an individual committed under Chapter 980 has a constitutional right of counsel in bringing his or her first appeal as of right, emanating from both the Fourteenth Amendment's Equal Protection Clause and the Due Process Clause as well as the Sixth Amendment's right of counsel.

Footnote 3 is retained, and the remainder of paragraph 12 is not changed.

(2) The seventh sentence of paragraph 19 is revised by removing the clause, "While the State urges us to subject Seibert to this procedural hurdle under *Strickland*," so that it reads: "We note that *Strickland* is applicable only where an individual is represented by counsel." Footnote 6 is retained but revised to read:

> The Supreme Court observed in *Smith v. Robbins*, 528 U.S. 259, 286 (2000), that "[t]he applicability of

*Strickland's* actual-prejudice prong to Robbins's claim of ineffective assistance follows from *Penson,* where we distinguished denial of counsel altogether on appeal, which warrants a presumption of prejudice, from mere ineffective assistance of counsel on appeal, which does not."

¶ 3.   Accordingly, the motion for reconsideration is denied without costs.

¶ 4.   SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE *(concurring).* I agree that the State's motion for reconsideration in this case should be denied and that the opinion should be clarified. I write to place the court's corrections in the context of the State's motion for reconsideration.

¶ 5.   The State requested two corrections:

¶ 6.   First, the State requested that the reference to Wis. Stat. § 980.05 in paragraph 12 of the opinion be deleted as a basis for finding that Seibert has a constitutional right to counsel on his first appeal as a matter of right. The State gives three reasons for this correction:

(1) The last sentence in § 980.05(1m) may, but need not, be interpreted as applicable only to trial. The State therefore requests that this court not define the scope of § 980.05(1m) without discussing all the possible interpretations of the section and explaining why one interpretation is adopted rather than another potential interpretation.

(2) The way in which the court cites § 980.05(1m) suggests that the court views the statute as creating constitutional rights. The State argues that this interpretation of the statute appears to be inconsistent with *State v. Smith,* 229 Wis. 2d 720, 731, 600 N.W.2d 258 (Ct. App. 1999), in which the court of appeals characterizes § 980.05(1m) as creating statutory rights.

(3) If § 980.05(1m) creates only a statutory right to counsel, its citation is inconsistent with Part III of the opinion that makes *Anders v. California,* 386 U.S. 738 (1967), applicable to ch. 980 appeals.

¶ 7.   The correction the court adopts makes clear, as the State requested, that a ch. 980 individual has a constitutional, in contrast to a statutory, right of counsel in bringing his or her first appeal as a matter of right.

¶ 8.   Second, the State requested the correction that the court adopts in paragraph 19, because the State concedes that prejudice would be presumed if Seibert proved deficient performance.

¶ 9.   For the reasons set forth, I write separately.