STATE of Wisconsin, Plaintiff-Respondent,

v.

William Gladstone REMBERT, Defendant-Appellant.

Court of Appeals

*No. 80–1011–CR. Submitted on motion September 23, 1980.— Decided October 24, 1980.*
(Also reported in 299 N.W.2d 289.)

---

For the appellant, the cause was submitted on the memorandum of *Donald T. Lang,* assistant state public defender.

For the respondent, the cause was submitted on the memorandum of *Edward S. Marion,* assistant attorney general.

Before Decker, C.J., Moser, P.J., and Cannon, J.

PER CURIAM. The appellant, William Gladstone Rembert, has moved the court for an order extending the time for filing the notice of appeal. Because we find good cause for an enlargement of time, the motion is granted.

On September 28, 1979, appellant was convicted by the circuit court for Milwaukee county, the Honorable Frederick P. Kessler presiding, of one felony count and two misdemeanor counts of shoplifting, party to a crime, contrary to secs. 943.50(1) and (4)(a) and (b), and 939.05, Stats.

On January 23, 1980, the state public defender was appointed to represent appellant for postconviction proceedings. A request for transcripts was sent to the court reporters on January 29, 1980. Court reporter Joseph Kendrick received an extension from forty to ninety days in which to serve transcript on defendant.

The transcript was filed with the clerk of circuit court for Milwaukee county on April 17, 1980. On April 18, 1980, the transcript was signed out of the clerk's office by the state public defender.

The state public defender filed the notice of appeal on May 30, 1980.

For criminal appeals, either the defendant, retained counsel or appointed counsel must order a transcript of the reporter's notes. Rules 809.30(1)(c) and (d).

Rule 809.30(1) provides, in relevant part:

(e) The court reporter shall serve the transcript on the defendant within 40 days of the order of the transcript. . . .

(f) The defendant shall file a notice of appeal or motion seeking postconviction relief within 30 days of the service of the transcript.

While these provisions direct the court reporter to serve the transcript on the defendant, other supreme court rules require that the court reporter file the transcript with the clerk of the circuit court. *See* Rules 809.-30(1) (i) and 809.16(3) for criminal appeal proceedings subsequent to the filing of the notice of appeal *and* SCR 71.03(2) (1980) for cases involving a prison or more than six-month jail sentence. The rules are accordingly ambiguous requiring construction consistent with the purpose of the rules. *See, e.g., In re Estate of Walker,* 75 Wis.2d 93, 102–03, 248 N.W.2d 410, 414–15 (1977).

The Judicial Council Committee's Note, 1978, explains that the procedures in Rule 809.30 "are designed to expedite the entire [postconviction review] process by putting time limits on each step and by eliminating the necessity of each issue being presented twice to the trial court."

Rule 809.30 enables a defendant to first review the record, including a transcript of the proceedings, to determine whether postconviction relief should be sought by motion in the trial court or by appeal to this court. The procedure is expedited by assuring that the transcript is available for the defendant's review within forty days of the ordering of the transcript. The defendant may accomplish this review with an accurate duplicate of the original transcript. Thus, service of the duplicate within forty days of the ordering of the transcript accomplishes the purposes of Rule 809.30. Consequently, Rule 809.30(1) (e) requires that the court reporter serve a duplicate of the transcript (not the original) on

the defendant within forty days of the ordering of the transcript.

The original transcript must be filed by the court reporter with the trial court. But, the rules are ambiguous as to when the transcript must be filed for purposes of postconviction proceedings. *Compare* Rules 809.30(1) (e) *and* (f) *with* Rules 809.30(1) (i) *and* 809.16(3).

We resolve that ambiguity by again construing the rules, applying the time frameworks specified for criminal appeals by Rule 809.30. As the transcript must be prepared within forty days of the ordering of the transcript for purposes of postconviction proceedings, the transcript must also be filed by the court reporter within forty days of the ordering of the transcript.[1] This construction does not alter any other obligations of the court reporter or circuit court clerk under sec. 973.-08, Stats., as amended by secs. 846, 847, ch. 221, Laws of 1979.

Because the transcript must be filed, the court reporter is required to serve copies on the parties. Rule 809.80(2). Filing of the transcript constitutes certification of service. Rule 801.14(4). *Accord,* Rule 809.16, for civil appeals, as amended by supreme court order of November 2, 1979; *see also* Rule 809.16, *cross-reference to* Rule 809.80, Stats. (1977).

By Rule 809.30(1) (e), the defendant or counsel will have been served with a copy of the transcript at the time of the filing of the transcript. The only remaining party to be served is the state of Wisconsin. According to the state's response to this motion, the state routinely waives service of a copy of the transcript, al-

---

[1] The court reporter may seek an extension under Rule 809.16 (4) for preparing, filing and serving the transcript. *See* Rule 809.30(1) (e).

though the practice is currently being reviewed by the state.[2]

Where appellant requests the preparation of the transcript, the state public defender in Milwaukee county often waives the service of a copy, electing instead to use the original transcript filed with the court. It is sound public policy to permit a defendant or counsel to waive service of the duplicate. The rules need not require a party, as a condition of taking an appeal, to procure and pay for, or in the case of the state public defender, cause the county to pay for, pursuant to sec. 967.06, Stats., a copy of the transcript when the original is readily available. Accordingly, for criminal appeals, when the state public defender requests the court reporter to prepare the transcript, the state public defender can waive service of the duplicate, choosing instead to make use of the original. In the case of a waiver, the court reporter satisfies the requirements of Rule 809.30(1)(e) by serving on the parties within forty days of the ordering of the transcript a notice of the filing of the transcript with the clerk of the circuit court.

The record on appeal must reflect that the court has jurisdiction over the appeal. As filing constitutes certification of service, this court will rely on the filing date for triggering the thirty day period of Rule 809.-30(1)(f). Filing constitutes certification that the defendant has been served with a duplicate of the transcript. If the defendant has waived service, filing cer-

---

[2] Like the Department of Justice, the district attorney's office may waive service of a copy of the transcript. Court reporters are encouraged to consult with the district attorney's office in their respective locales to determine if the district attorney would waive service. The clerk of the court of appeals will, on request, provide court reporters with a waiver of service form.

tifies that the defendant has received notice of the filing of the transcript, and therefore has notice that the transcript is prepared and is available for his or her use. In either case, the defendant then has thirty days in which to either file a notice of appeal or motion seeking postconviction relief under Rule 809.30 (1) (f).[3]

Under Rule 809.30, extensions of time for taking various steps can be granted by this court under Rule 809.-82. *See* Judicial Council Committee's Note, 1978, Rule 809.30, Stats. (1977).[4] The ambiguity in the rules requiring construction constitutes good cause under Rule 809.82 (2) for extending the time for the filing of the notice of appeal in this case to May 30, 1980.

*By the Court.*—Motion granted.

---

[3] Where service of the duplicate of the transcript or notice is by mail, three days will be added to the time for filing the notice of appeal or motion seeking postconviction relief under Rule 809.-30 (1) (f). Rules 809.82 (1), 801.15 (5). *Cf. Nelson v. DNR*, 90 Wis.2d 574, 280 N.W.2d 334 (Ct. App. 1979) (appeal from administrative agency decision).

[4] This court's authority to extend the time periods of Rule 809.30 is to the exclusion of the trial court. The court of appeals, not the trial court, is responsible for monitoring, enforcing or extending the time periods of Rule 809.30.