STATE of Wisconsin, Plaintiff,

v.

Christine M. QUACKENBUSH, Defendant.
[Case No. XX-020489-CR.]

STATE of Wisconsin, Plaintiff,

v.

Michael D. LEE, Defendant.
[Case No. XX-020505-CR.]

Court of Appeals

*Nos. XX-020489–CR, XX-020505–CR. Submitted on motions November 17, 2004 and November 22, 2004.—Decided December 30, 2004.*

2005 WI App 2

(Also reported in 692 N.W.2d 340.)

On behalf of the defendant, Quackenbush, the cause was submitted on the motion of *Tyler J. Tripp* of *Osborne & Goodman, S.C.,* Sparta.

On behalf of the defendant, Lee, the cause was submitted on the motion of *Patrick M. Donnelly*, assistant state public defender, Madison, and *Thomas F. Locante*, assistant state public defenders, LaCrosse.

On behalf of the plaintiff, State of Wisconsin, the cause was submitted on the response of *James M. Freimuth*, assistant attorney general and, *Peggy A. Lautenschlager*, attorney general.

Before Deininger, P.J., Vergeront and Higginbotham, JJ.

¶ 1. PER CURIAM. Christine Quackenbush and Michael Lee move separately for extensions of the time to file a notice of intent to pursue postconviction relief. The main issue is whether our analysis of their motions is determined by *State v. Evans*, 2004 WI 84, 273 Wis. 2d 192, 682 N.W.2d 784. We conclude that *Evans* does not determine our analysis. In addition, we conclude that the motions show good cause for the requested extensions. Therefore, we grant the motions.

# I. BACKGROUND

¶ 2. A brief review of the postconviction process under Wis. Stat. Rule 809.30 (2001–02)[1] will set the context for these motions. A defendant commences the postconviction process by filing in circuit court, within twenty days after sentencing, a notice of intent to pursue postconviction relief.[2] Rule 809.30(2)(a). If the notice requests representation by the State Public Defender, the clerk of the circuit court sends a copy of the notice to that office, which may then appoint counsel and order transcripts and the court record. Rules 809.30(2)(c)-(g). Within sixty days after the later of service of the transcript or record, the defendant may file either a postconviction motion or notice of appeal. Rule 809.30(2)(h). Further proceedings and decisions then occur in circuit court or this court.

¶ 3. The appellate rules in Wis. Stat. ch. 809 provide this court with the authority to enlarge most times prescribed by those rules, including all times provided in Wis. Stat. Rule 809.30. The enlargement rule, Wis. Stat. Rule 809.82(2)(a), provides in relevant part that, except as provided elsewhere, "the court upon its own motion or upon good cause shown by motion, may enlarge or reduce the time prescribed by these

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

[2] For certain types of cases, the rule substitutes "postdisposition" for "postconviction" and "final adjudication" for "sentencing," and makes certain other changes. However, in this opinion we will use only the criminal terms, for the sake of clarity and because that is the context of these particular motions. However, our analysis is intended to apply to all proceedings under the rule.

rules or court order for doing any act, or waive or permit an act to be done after the expiration of the prescribed time."

¶ 4. Quackenbush's trial counsel filed on her behalf a motion for an extension of the time to file a notice of intent to pursue postconviction relief. The motion sought an extension of slightly more than three months for two misdemeanor convictions. The ground for the motion was that trial counsel was under a mistaken impression as to what deadline applied in misdemeanor cases. Lee's motion, also filed by trial counsel, sought an extension of one day for a felony conviction. The motion explained that counsel filed the notice of intent twenty-one days after sentencing, but counsel is unable to determine exactly why it was late. Counsel makes an "educated guess" that he either miscalculated the proper date or, because the notice was signed on the twentieth day, he may have failed to ensure that his staff knew it must be filed the very same day.

¶ 5. Shortly before these motions were filed, we ordered the State, in two cases that are not discussed in this opinion, to address our authority to decide these types of extension motions in light of *Evans*. The State responded to our order by arguing that the holding in *Evans* bars us from granting extensions to file a notice of intent to pursue postconviction relief when the ground for the motion is ineffective assistance of counsel. The State further argued that, under *Evans*, the movants in cases like these must file habeas petitions in this court alleging ineffective assistance by trial counsel for failing to timely file a notice of intent.

¶ 6. When Quackenbush and Lee filed their motions, we noted that the grounds for the motions could be construed as alleging ineffective assistance of counsel. We advised the parties that we would assume the

State takes the same legal position that it had on the earlier motions. We provided counsel for Quackenbush and Lee with time to reply to the State's arguments, which one of them did. We also provided the State with an opportunity to respond to the motions now before us. The State responded to Lee's motion by stating that it does not oppose the one-day extension, and it did not respond to Quackenbush's motion. Finally, we granted permission for the Office of the State Public Defender to submit a non-party response to the motions.

## II. ANALYSIS

¶ 7. In *Evans*, this court had granted a lengthy extension of the time for the defendant to file a post-conviction motion, using our extension authority under WIS. STAT. RULE 809.82. *Evans*, 273 Wis. 2d 192, ¶¶ 11–13. The ground for the motion was that Evans had not properly waived his right to appellate counsel during his initial postconviction review, which had terminated without the filing of either a postconviction motion or notice of appeal. *Id.*, ¶¶ 7, 11. After we granted the extension, Evans filed a postconviction motion and then an appeal to this court, in which we reversed and remanded for a new trial on one count. *State v. Evans*, No. 02–1869–CR, unpublished slip op. ¶ 15 n.2 (WI App Jul. 24, 2003). The State argued in the supreme court that our extension was improper. *Evans*, 273 Wis. 2d 192, ¶ 3. The supreme court agreed, concluding that we had erroneously exercised our discretion by using our extension authority under WIS. STAT. RULE 809.82 instead of requiring Evans to file a habeas corpus petition in this court alleging ineffective assistance of appellate counsel. *Evans*, 273 Wis. 2d 192,

¶ 59. That type of petition is often referred to as a *Knight* petition. *See State v. Knight,* 168 Wis. 2d 509, 484 N.W.2d 540 (1992).

¶ 8. The State argues that *Evans* also bars this court from using its extension authority in WIS. STAT. RULE 809.82 to extend the time to file a notice of intent to pursue postconviction relief when the basis for the motion is ineffective assistance of counsel. The State argues that the rationale of *Evans* is equally valid in this context, and that a movant's proper remedy is a habeas petition in this court alleging ineffective assistance of trial counsel. Quackenbush and the State Public Defender argue that the motions before us are distinguishable from the one in *Evans* in several ways, and that there are sound policy reasons not to extend that decision beyond its context. We agree.

¶ 9. On its face, *Evans* is concerned only with extensions of the time to file a *postconviction motion,* when the ground for the motion could be construed as ineffective assistance of *appellate* counsel. The question, then, is whether *Evans* should be extended to bar extensions of the time to file a *notice of intent to pursue postconviction relief,* when the ground for the motion could be construed as ineffective assistance of *trial* counsel. We conclude that it should not be, and therefore we decide these motions by using the "good cause" standard provided in WIS. STAT. RULE 809.82. Extending *Evans* to notices of intent is not supported by sound policy reasons and might have undesirable and unintended side effects.

¶ 10. As the State Public Defender observes, our current method of addressing late notices of intent to pursue postconviction relief via extension motions is long established and has generally worked well. We are

unaware of any substantial prior complaint from parties on either side, or from the public, to our application of the "good cause" standard in deciding whether to permit a notice of intent to be filed beyond the twenty-day time limit prescribed by rule. Although we do not have statistics readily available, we regularly receive extension motions for notices of intent. It is safe to say that each district of this court receives several such motions per month, and some receive more. Some of the motions could not be construed as alleging ineffective assistance of counsel, but a significant number could be so characterized.

■

¶ 11. In *Evans*, the supreme court noted that this court " 'has a generally lenient policy about granting extensions that will enable a criminal defendant to prosecute an appeal.' " *Evans*, 273 Wis. 2d 192, ¶ 38 (citation omitted). We agree with this assessment, at least with respect to extensions sought within a limited period of time after the deadline for filing a notice of intent has passed. Although the court has not established firm guidelines for deciding extension motions, the judges of this court generally consider a number of factors in deciding whether to grant an extension. The longer the extension that is sought, the greater the showing that is generally required to satisfy us that there is good cause for granting it.

■

¶ 12. Because the notice of intent is the document that commences the postconviction process, the denial of an extension motion effectively precludes direct review of a criminal conviction under Wis. Stat. Rule 809.30. A defendant may still be able to obtain relief from the conviction or sentence under Wis. Stat.

§ 974.06, but he or she will not be entitled to appointed counsel in doing so and may face limits on the types of issues that can be raised. *See State ex rel. Warren v. County Court of Shawano-Menominee County*, 54 Wis. 2d 613, 617, 197 N.W.2d 1 (1972). Defendants obviously have a strong personal interest in having the validity of their convictions and sentences reviewed, and there are also strong public and judicial interests in ensuring that convictions and sentences are factually, legally and procedurally correct.

¶ 13. The social costs of an erroneous conviction can be very high, and that is perhaps why the deadline for filing a notice of intent to pursue postconviction relief has not been declared inviolable, as has, for example, the deadline for filing a notice of appeal in most civil cases. *See* WIS. STAT. RULE 809.82(2)(b). When the legislature or the supreme court has created non-extendable deadlines affecting appellate review, they have generally done so by statute or rule. *See, e.g.,* WIS. STAT. § 808.04(7m) (time to file notice of intent to appeal in termination of parental rights cases may not be enlarged); RULE 809.82(2)(b) (time to file certain notices of appeal may not be enlarged). No similar absolute deadline currently exists for filing notices of intent.

¶ 14. Factors that we may consider in granting an extension for the filing of a notice of intent under WIS. STAT. RULE 809.82(2)(a) include the extent to which the delay appears to have been without fault of the defendant; the promptness of the defendant's request for an extension; and the avoidance of a disproportionate expenditure of judicial resources to make factual find-

ings regarding requests for relatively short extensions. When deciding extension requests, we also seek to screen out defendants who have simply changed their minds after experiencing confinement or after having their probation revoked, especially if a significant amount of time has elapsed since the conviction, and we consider the need of crime victims and the public for finality in criminal adjudications. These factors are not intended to be exhaustive, but merely to provide a sense of the factors we consider when acting on extension requests.

■■■■

¶ 15. Defendants who can establish that they were deprived of their statutory right to direct appellate review of their criminal convictions because of ineffective assistance of counsel are entitled to have their direct appeal rights reinstated, regardless of the presence or absence of other factors. *See Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (*Strickland* test applies to claims that counsel was ineffective for failing to file the document that commences the postconviction process). The ineffective assistance of trial counsel analysis is limited to determining whether counsel's performance was deficient and whether the defendant was prejudiced by counsel's acts or omissions. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Our authority under WIS. STAT. RULE 809.82 to grant extensions for "good cause" invites a broader range of considerations than the *Strickland* test provides. We conclude that confining our analysis to the *Strickland* test for all extension requests that may appear to rest on claims of ineffective assistance of counsel would unwisely remove from our consideration other proper factors that might merit the granting of a request to extend the time for

623

filing a notice of intent, given the public interest in permitting criminal convictions to be reviewed for error.

¶ 16. Turning to questions of procedure, we observe that converting certain extension motions into habeas petitions alleging ineffective assistance of counsel would add little to our ability to decide them. Our rules provide eleven days for responses to motions, *see* Wis. Stat. Rule 809.14(1), but the time for responding to a habeas petition is not much longer: fourteen days from service of our order for a response. *See* Wis. Stat. Rule 809.51(2). Although extension motions may be decided rapidly and without a response from the State, *see* Rule 809.14(2) and *Evans*, 273 Wis. 2d 192, ¶ 53, we are not required to dispose of them in that fashion. Instead, we customarily take the time that is necessary to properly consider the motion, in light of the grounds alleged and the length of the extension sought, with such input from the parties as will permit us to understand the circumstances that resulted in a late-filed notice of intent. Although it is true that under Rule 809.14(2) we may grant extension motions without waiting for a response, and that the same rule provides the opposing party with "a mere 11 days" to request reconsideration, *see Evans*, 273 Wis. 2d 192, ¶ 53, we can extend the times to both respond to a motion or request reconsideration, and we do so readily, if the State or other party actually seeks that relief within a reasonable time. For motions that present close calls and involve disputes of fact, fact finding may be necessary. Because we are not permitted or equipped to find facts, we can, and have in the past, remanded to the circuit court for fact finding when deciding both motions under Wis. Stat. Rule 809.82 and habeas petitions.

¶ 17. Finally, substituting a habeas petition for a motion for an extension of the time for filing a notice of intent would not affect the remedy that this court could grant. If counsel's error in commencing the postconviction process causes deprivation of the entire process, prejudice is presumed. *Flores-Ortega*, 528 U.S. at 481–86 (it is unfair to require an indigent, perhaps pro se, defendant to demonstrate that a hypothetical appeal might have had merit before any advocate has ever reviewed the record in search of grounds for appeal; rather, defendant need only show that, but for counsel's deficient performance, the defendant would have appealed); *see also State ex rel. Seibert v. Macht*, 2001 WI 67, ¶ 19, 244 Wis. 2d 378, 627 N.W.2d 881. The proper habeas remedy would be to restore the defendant to the position he or she would have occupied but for counsel's ineffectiveness. *Betts v. Litscher*, 241 F.3d 594, 597 (7th Cir. 2001); *see also Seibert*, 244 Wis. 2d 378, ¶ 20. In other words, if we were to construe certain of these motions as habeas petitions and find them meritorious, the relief sought would be exactly the same: an extension of the time for filing the notice.

¶ 18. Not only do we see little benefit accruing from the conversion of certain extension motions to habeas petitions, that practice might well raise other questions and entail adverse side effects. For example, if relief by extension motion is not available, but must instead be sought via habeas petition, should the petition be filed in this court or the circuit court? The supreme court directed in *Evans* that a habeas petition alleging ineffective assistance be filed in this court, but, there, the alleged ineffectiveness involved appellate counsel, and the court's direction was thus consistent with *Knight*. The State argues for the same procedure

for notice-of-intent-extension requests involving ineffective assistance of trial counsel. The State, however, glosses over the fact that the attorney whose effectiveness is in question would have never appeared before us, and any deficient performance would thus have occurred in the circuit court, which might therefore be better positioned to initially assess counsel's effectiveness.

¶ 19. Furthermore, whichever court would be the proper one to entertain habeas petitions on the present facts, the basis for deciding them are, at best, unclear given the absence of present Wisconsin case law regarding the duties of trial counsel in connection with advising defendants regarding postconviction matters. The Supreme Court discussed in *Flores-Ortega*, 528 U.S. at 478, the analysis to be applied when a defendant alleges that counsel failed to file the document that commences the postconviction process. There is no published Wisconsin case law applying that analysis to our notice of intent procedure under WIS. STAT. RULE 809.30.

¶ 20. A possible unintended side effect of reading *Evans* to bar extensions for notices of intent to pursue postconviction relief when the ground is ineffective assistance, while extensions remain permitted for "good cause" on other grounds, is that the distinction may give defendants an incentive to plead in ways that deliberately avoid suggesting ineffective assistance of counsel, even if that would be the most appropriate characterization of what occurred. Moreover, as the State Public Defender points out, if motions alleging facts similar to those now before us must be construed as habeas petitions, they could not properly be filed by trial counsel because counsel would essentially be alleging his or her own ineffectiveness. *See State v. Hensley*, 221

Wis. 2d 473, 474, 585 N.W.2d 683 (Ct. App. 1998). We might thus be deprived of the opportunity to efficiently resolve notice-of-intent extension requests like the present ones on the basis of a trial counsel's candid acknowledgement of responsibility for the missed deadline. Finally, as the State Public Defender also points out, if we were to extend the *Evans* holding to the present facts, our doing so might logically compel our applying *Evans* to requests for extensions of all other deadlines prescribed by the appellate rules. For example, a motion by appellant's counsel to extend the time to file a statement on transcript or an appellate brief might have to be treated as a *Knight* petition, if the ground alleged is a calendaring error or counsel's failure to manage workload properly.

¶ 21. These problems are not insurmountable, of course, in that guidance on how to process and decide habeas petitions seeking extensions for filing notices of intent would be forthcoming in due time. We simply conclude that enduring the legal and procedural uncertainties involved and the amount of judicial resources necessary to resolve them are not warranted, given our authority to grant extensions under Wis. Stat. Rule 809.82 and the adequacy of our present practice of addressing late notices of intent under that authority.

¶ 22. In short, we believe it unwise and unhelpful to replace the good cause standard for deciding extension motions under Wis. Stat. Rule 809.82 with an ineffective assistance of counsel analysis when deciding requests for extensions of time to file notices of intent to pursue postconviction relief. Doing so would remove the benefits of that process that help ensure an efficient and just administration of the postconviction process. Although we agree with the supreme court that celerity is no substitute for reasoned judicial analysis of signifi-

cant legal issues, *see Evans*, 273 Wis. 2d 192, ¶ 56, neither is a painstaking doctrinal analysis in every case a good substitute for the efficient and fair administration of the postconviction process. We conclude that it is neither necessary nor reasonable to discard our present method of addressing motions to extend the time for filing notices of intent.

## III. RESOLUTION OF THESE MOTIONS

¶ 23. Having declined to extend *Evans* to apply to requests for extensions of time to file notices of intent to pursue postconviction relief, we review the motions now before us under the "good cause" standard provided in Wis. Stat. Rule 809.82(2)(a).

¶ 24. Quackenbush's motion seeks an extension of slightly more than three months for two misdemeanor convictions on the ground that trial counsel was under a mistaken impression as to what deadline applied in misdemeanor cases. The State has not responded to the motion. We grant the motion, considering that the length of the extension sought is not unreasonable, counsel states that the delay is not attributable to the defendant, and the State has not disputed these facts.

¶ 25. Lee's motion seeks an extension of one day for a felony conviction, based on his trial counsel's "educated guess" that counsel either miscalculated the proper date or failed to ensure that his staff knew it must be filed the same day it was signed. The State advises us that it does not oppose the motion, because "it is apparent that Lee intended to timely file a notice of intent, and because Lee acted promptly to remedy his one-delay." The State thus concedes that a one-day

extension request, grounded on an apparently good-faith admission of error by trial counsel, need not be contested or investigated further, and that it should be granted. We agree and observe that our authority under WIS. STAT. RULE 809.82 to grant extensions of appellate deadlines for good cause was apparently conferred on us in order to address circumstances just such as those presented in this opinion.[3] We grant Lee's motion.

*By the Court.*—Motions granted.

---

[3] We note that the State's response does not analyze the motion in terms of ineffective assistance and appears to accept counsel's assertions in support of the motion without an independent fact finding. By choosing not to object, the State itself exercises the discretion it argues we should not be able to exercise when addressing extension requests that are arguably grounded on ineffective assistance of counsel.