# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP378-W |
| COMPLETE TITLE: | State of Wisconsin ex rel. Lorenzo D. Kyles, |

Petitioner,

v.

William Pollard, Warden,

Respondent.

REVIEW OF A MEMORANDUM DECISION
OF THE COURT OF APPEALS

| | |
|---|---|
| OPINION FILED: | June 17, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | April 3, 2014 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the petitioner, there were briefs by *Robert R. Henak*, *Henak Law Office, S.C.*, Milwaukee, and *Melinda A. Swartz*, *Law Office of Melinda A. Swartz*, Milwaukee, and oral argument by *Robert R. Henak*.

For the respondent, the cause was argued by *Aaron O'Neil*, assistant attorney general, with whom on the brief was *J.B. Van Hollen*, attorney general.

**2014 WI 38**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2012AP378-W
(L.C. No. 2002CF2732)

STATE OF WISCONSIN : IN SUPREME COURT

**State of Wisconsin ex rel. Lorenzo D. Kyles,**

 **Petitioner,**

 **v.**

**William Pollard, Warden,**

 **Respondent.**

**FILED**

**JUN 17, 2014**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Reversed and cause remanded.*

¶1 ANN WALSH BRADLEY, J. Petitioner, Lorenzo Kyles, seeks review of an unpublished court of appeals decision that denied his petition for a writ of habeas corpus seeking to reinstate the deadline for him to file a notice of intent to pursue postconviction relief.[1] The court of appeals determined that Kyles brought his petition in the wrong forum. Because the court viewed the claim as alleging ineffective assistance of

---

 [1] State ex rel. Kyles v. Pollard, No. 2012AP378-W, unpublished slip op. (Ct. App. May 9, 2012).

post-conviction counsel, it concluded that Kyles should have filed his petition in the circuit court.

¶2 Kyles asserts that a petition for a writ of habeas corpus pursuant to State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), filed in the court of appeals is the proper forum and process. He contends that the petition should be filed with the court of appeals because the circuit court does not have authority to grant the relief of extending the filing deadline which would reinstate his direct appeal rights. He further maintains that his habeas petition set forth sufficient facts to entitle him to an evidentiary hearing on his ineffective assistance of counsel claims.

¶3 We determine that the court where the alleged ineffective assistance of counsel occurred is the proper forum in which to seek relief unless that forum is unable to provide the relief necessary to address the ineffectiveness claim. The remedy for an attorney's failure to file a notice of intent to pursue postconviction relief is an extension of the timeframe to file the notice. Because the circuit court is without authority to extend the deadline to file a notice of intent to pursue postconviction relief, we conclude that the proper forum here lies in the court of appeals. We also determine that where such a claim is made to the court of appeals it should be in the form of a habeas petition pursuant to Knight.

¶4 We further conclude that Kyles' habeas petition set forth sufficient facts to entitle him to an evidentiary hearing on his ineffective assistance of counsel claims. Accordingly,

2

we reverse the decision of the court of appeals and remand to the court of appeals to appoint a referee or refer the case to the circuit court for an evidentiary hearing. Wis. Stat. § 752.39 (2011-12).[2]

I

¶5 Although some of the facts are uncontested, Kyles' assertions set forth below that underlie his ineffective assistance of counsel claims have not yet been tested in any evidentiary hearing.[3]

¶6 Kyles pled guilty to one count of first-degree reckless homicide by use of a dangerous weapon and was sentenced in Milwaukee County on November 12, 2002, to 40 years imprisonment. On that day, after he was sentenced, Kyles met with his attorney, Thomas Flanagan, to discuss the sentence and his appeal rights.

¶7 Both Kyles and his attorney signed a "Notice of Right to Seek Postconviction Relief" form which explained that if Kyles wished to seek postconviction relief, he must file a notice of intent with the circuit court within 20 days of sentencing. Kyles checked a box on the form next to the statement that "I am undecided about seeking postconviction

---

[2] All subsequent references to the Wisconsin Statutes are to the 2011-12 version unless otherwise indicated.

[3] The majority of these facts come from an affidavit by Kyles which was attached as an exhibit to the habeas petition he filed with the court of appeals in 2012.

relief and I know I need to decide and tell my lawyer within 20 days." Those 20 days were set to expire on December 2, 2002.

¶8 According to Kyles, later that day he called his mother and asked her to contact Flanagan and inform him that Kyles wished to appeal. Kyles further asserts that on November 15, 2002, he sent a letter to Flanagan's office to inform Flanagan that he wished to appeal and wanted Flanagan to file the notice of intent. Kyles did not keep a copy of the letter. An exhibit attached to Kyles' petition suggests that Flanagan disputes receiving the letter.

¶9 Kyles also asserts that he tried again to contact Flanagan about the notice of intent on November 18, 2002, but Flanagan's office refused to accept the call. When he was unable to reach Flanagan, Kyles called his mother to ask if she had informed Flanagan of his wish to appeal. His mother told him that she had been unable to reach Flanagan directly, but had left a message advising him that Kyles wanted to appeal. His mother called Flanagan "a couple of more times" but was unable to reach him. Kyles also attempted to speak with Flanagan on November 27 and December 2, 2002, but Flanagan's office either did not accept the collect calls or did not answer the telephone. The rejected calls are reflected in the telephone records from Waupun Correctional Institution.

¶10 Kyles states that he was not able to speak with Flanagan until January 24, 2003, after the deadline for filing the notice of intent had passed. When Kyles told Flanagan of his desire to appeal, Flanagan informed him that the time limits

4

had expired and that because he entered a plea of guilty, there were few non-frivolous issues for appeal. Kyles alleges that Flanagan did not inform him that he could seek an extension of the deadline to file the notice of intent.

¶11 Thereafter, citing Knight, 168 Wis. 2d 509, Kyles filed a pro se habeas corpus petition with the court of appeals seeking reinstatement of his direct appeal rights. He contended that he was denied his right to appellate counsel because his attorney did not file an appeal and appropriate postconviction paperwork. The court of appeals dismissed the petition. State ex rel. Kyles v. McCaughtry, No. 2003AP2760-W, unpublished slip op. (Ct. App. Jan. 28, 2004). It noted that a notice of intent had never been filed and thus, it construed Kyles' claim as an argument that he was denied his right to postconviction counsel. Id. Because the alleged error occurred before the circuit court, the court of appeals concluded that Kyles' claim should be raised in the circuit court as a petition for habeas corpus or a motion under Wis. Stat. § 974.06. Id.

¶12 In accordance with those instructions, Kyles filed a pro se habeas petition in the circuit court again seeking to have his direct appeal rights reinstated. The petition asserted that Kyles was denied effective assistance of counsel because he had written a letter to Flanagan about the 20 days for filing for postconviction relief and Flanagan never responded. The circuit court construed the petition as a motion for postconviction relief. Noting that the petition before it did not specifically allege that Kyles informed Flanagan that he

5

wished to appeal, the circuit court concluded that Kyles failed to state a viable claim for relief and denied the petition. The court indicated, however, that if Kyles produced a copy of the letter he sent to Flanagan then it would reconsider its decision.

¶13 Kyles alleges that he did not have a copy of the letter and so did not submit it to the court. Instead, he appealed the denial of his motion. The court of appeals affirmed the circuit court, State v. Kyles, No. 2004AP885, unpublished slip op. (Ct. App. Dec. 15, 2004), and this court denied Kyles' petition for review, State v. Kyles, No. 2004AP885, unpublished order (Feb. 9, 2005).

¶14 After attempts at obtaining relief in federal courts[4] were also unfruitful, Kyles filed a pro se motion with the court of appeals seeking to extend his deadline for filing notice of intent pursuant to Wis. Stat. § 809.82(2).[5] The motion asserted that Kyles had been unable to get in touch with Flanagan during the 20-day period for filing the notice and Flanagan had not

---

[4] Kyles v. Litscher, No. 05-C-385, unpublished slip op. (E.D. Wis. Feb. 12, 2008), request for appealability denied, unpublished order (7th Cir. June 10, 2008), cert. denied, No. 08-5882, unpublished order (U.S. Oct. 20, 2008).

[5] Wisconsin Stat. § 809.82(2)(a) states:

Except as provided in this subsection, the court upon its own motion or upon good cause shown by motion, may enlarge or reduce the time prescribed by these rules or court order for doing any act, or waive or permit an act to be done after the expiration of the prescribed time.

6

responded to his letter seeking assistance with filing the notice. The court of appeals denied the motion, concluding that Kyles had failed to show good cause for extending the deadline. State v. Kyles, No. 2008XX1478-CR, unpublished slip op. (Ct. App. Jan. 16, 2009). It stated that the circuit court is the proper forum for developing factual matters and the circuit court had already determined that Kyles did not show he had instructed his attorney to file a notice of intent.

¶15 Kyles then filed another pro se habeas petition with the court of appeals. Again he sought an extension of his time to file a notice of intent, arguing that he was denied effective assistance of counsel when Flanagan was unavailable during the 20 days in which the notice needed to be filed, failed to file the notice of intent, and failed to file a motion to extend the filing deadline after he became aware Kyles wished to appeal. The court of appeals again denied Kyles' requests, concluding that claims for ineffective assistance of postconviction counsel must be brought in the circuit court. State ex rel. Kyles v. Pollard, No. 2012AP378-W, unpublished slip op. (Ct. App. May 9, 2012). It later denied Kyles' motion for reconsideration. State ex rel. Kyles v. Pollard, No. 2012AP378-W, unpublished order (Ct. App. June 14, 2012).

II

¶16 In this case we are asked to determine the appropriate forum and vehicle for relief for a defendant who asserts that the ineffectiveness of counsel resulted in a notice of intent to pursue postconviction relief not being filed. These are

7

questions of law which we review independently of determinations rendered by the circuit court and court of appeals. State v. Badzinski, 2014 WI 6, ¶26, 352 Wis. 2d 329, 843 N.W.2d 29.

¶17 Additionally, we are asked to determine whether Kyles' petition set forth sufficient facts to warrant an evidentiary hearing. This also presents a question of law which we review independently of the determinations rendered by the circuit court and court of appeals. State v. Balliette, 2011 WI 79, ¶18, 336 Wis. 2d 358, 805 N.W.2d 334.

¶18 Our analysis is divided into three parts. First, we consider the appropriate forum for a claim of ineffectiveness premised upon counsel's failure to file a notice of intent to pursue postconviction relief. Second, we address the appropriate procedure for such a claim. Lastly, we address the sufficiency of Kyles' habeas petition.

III

¶19 The parties agree that there is no precedent directly addressing the discrete procedural issue before us. Absent clear guidance, they present different interpretations of our related precedent and ultimately disagree on whether Kyles' petition alleging ineffectiveness of counsel resulting in the failure to file a notice of intent to pursue postconviction relief should have been filed in the court of appeals or the circuit court.[6]

---

[6] As discussed infra at ¶51, the state agrees that the court of appeals is the correct forum for a claim of ineffectiveness based on counsel's failure to request an extension of the timeline for filing the notice of intent to pursue

8

¶20 A brief background on appellate procedure and postconviction proceedings is helpful to provide context for our analysis.

¶21 Upon conviction, a defendant has a statutory right to seek postconviction relief through a postconviction motion or an appeal. Wis. Stat. §§ 809.30, 973.18. The process begins with the filing of a notice of intent to seek postconviction relief with the circuit court. Wis. Stat. § 809.30(2)(b).[7]

¶22 It is the duty of defendant's trial counsel to file the notice of intent if the defendant wants to seek postconviction relief. Wis. Stat. §§ 809.30(2)(a),[8] 973.18(5).[9]

---

postconviction relief. However, it argues that Kyles' claim is procedurally barred because he did not raise it in the petition for review.

[7] Wisconsin Stat. § 809.30(2)(b) states:

Within 20 days after the date of sentencing or final adjudication, the person shall file in circuit court and serve on the prosecutor and any other party a notice of intent to pursue postconviction or postdisposition relief. If the record discloses that sentencing or final adjudication occurred after the notice of intent was filed, the notice shall be treated as filed after sentencing or final adjudication on the day of the sentencing or final adjudication. . . .

[8] Wisconsin Stat. § 809.30(2)(a) provides:

. . . Counsel representing the person at sentencing or at the time of the final adjudication shall continue representation by filing a notice under par. (b) if the person desires to pursue postconviction or postdisposition relief unless counsel is discharged by the person or allowed to withdraw by the circuit court before the notice must be filed.

Counsel must file the notice within 20 days of sentencing. Wis. Stat. § 809.30(2)(b). However, the court of appeals may, upon its own motion or a showing of good cause, extend the time for filing the notice. Wis. Stat. § 809.82(2); State v. Harris, 149 Wis. 2d 943, 947, 440 N.W.2d 364 (1989). The court of appeals' "authority to extend the time periods of Rule 809.30 is to the exclusion of the trial court." State v. Rembert, 99 Wis. 2d 401, 406 n.4, 299 N.W.2d 289 (Ct. App. 1980).

¶23 A defendant is entitled to counsel while seeking relief through a postconviction motion under Wis. Stat. § 974.02 or a direct appeal. State v. Evans, 2004 WI 84, ¶30, 273 Wis. 2d 192, 682 N.W.2d 784; State v. Peterson, 2008 WI App 140, ¶11, 314 Wis. 2d 192, 757 N.W.2d 834. The right to counsel includes the right to effective assistance of counsel. State ex rel. Flores v. State, 183 Wis. 2d 587, 604, 516 N.W.2d 362 (1994).

¶24 With the above in mind, we turn to address what is the proper forum in this case. Although Wisconsin courts have not addressed the situation we face here, i.e. the allegation that counsel's ineffectiveness resulted in the failure to file a notice of intent to pursue postconviction relief, precedent suggests that the forum for seeking relief for such ineffectiveness lies in the court of appeals.

¶25 Traditionally, the rule has been that claims of ineffective assistance of counsel premised on errors occurring

---

[9] Wisconsin Stat. § 973.18(5) states: "If the defendant desires to pursue postconviction relief, the defendant's trial counsel shall file the notice required by s. 809.30(2)(b)."

before the circuit court should be pursued in the circuit court and claims of ineffective assistance of counsel premised on errors occurring before the appellate court should be pursued in the court of appeals. Balliette, 336 Wis. 2d 358, ¶32. The two seminal cases addressing the forum for filing ineffectiveness claims are Knight, 168 Wis. 2d 509, and State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 556 N.W.2d 136 (Ct. App. 1996).

¶26 In Knight, the defendant alleged his appellate counsel was ineffective for failing to raise certain arguments in the court of appeals. 168 Wis. 2d at 513. At issue was whether the appropriate vehicle for relief was a motion to the circuit court pursuant to Wis. Stat. § 974.06 or a habeas petition to the court of appeals.[10] In its analysis the court focused on the fact that because the alleged error occurred in appellate proceedings, "[t]he appellate court will be familiar with the case and the appellate proceedings." Id. at 521. Thus, it concluded that the appellate court that heard the appeal "is a

---

[10] Wis. Stat. § 974.06(1) states:

After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court or a person convicted and placed with a volunteers in probation program under s. 973.11 claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

11

more appropriate and better suited forum than is the circuit court to determine whether appellate counsel's performance was deficient and prejudiced the defendant's appeal." Id.

¶27 Rothering utilized a similar analytical approach. In that case, the court of appeals considered whether a Knight petition[11] was appropriate to address a claim of ineffective assistance premised upon postconviction counsel's failure to bring a postconviction motion before the circuit court to withdraw a plea and raise the issue of ineffective trial counsel. 205 Wis. 2d at 679. The court noted Knight's statement that the appellate court would be familiar with the case, and determined that "[t]hose premises do not hold true when addressing the conduct of postconviction counsel." Id. "The allegedly deficient conduct is not what occurred before [the court of appeals] but rather what should have occurred before the trial court." Id. The court concluded that "a claim of ineffective assistance of postconviction counsel should be raised in the trial court either by a petition for habeas corpus or a motion under § 974.06, Stats." Id. at 681.

¶28 The state argues that we should follow the examples of Knight and Rothering, and determine that Kyles' petition should have been filed in the circuit court because that is where the alleged ineffectiveness occurred. According to the state, the circuit court can provide a remedy to Kyles by exercising its

---

[11] Habeas petitions to the court of appeals alleging ineffective assistance of appellate counsel are often referred to as "Knight petitions."

12

inherent power to vacate and reinstate its prior judgment of conviction, effectively restarting the time period for Kyles to file a notice of intent to pursue postconviction relief.

¶29 The remedy proposed by the state is unpalatable. Wisconsin jurisprudence has long disfavored extending time limits by vacating one judgment and entering a new one. For example, in Richter v. Standard Mfg. Co., 224 Wis. 121, 128, 271 N.W. 14 (1937), the court rejected a motion to modify an interlocutory judgment so that it would be embodied in a final judgment on a later date, thereby extending the time in which to appeal. It stated that such an action "is quite unthinkable." Id. Likewise, in Filer & Stowell Co. v. Chicago, Milwaukee & St. Paul Ry. Co., 161 Wis. 591, 596-97, 155 N.W. 118 (1915), the court declined a request to set aside a judgment so that an appellate deadline could be reinstated, stating "[t]o set aside the award here, as a means of circumventing the statute, would be equivalent to abrogating it and giving a new right of appeal which would be an exercise of legislative power."

¶30 The court expressed a similar distaste for allowing a circuit court to vacate and reinstate a judgment to remedy ineffective assistance of counsel in Knight, 168 Wis. 2d 509. In determining that the circuit court was not the appropriate forum, Knight noted that the remedies available to the circuit court under Wis. Stat. § 974.06 were limited to vacating, setting aside, or correcting a sentence. Id. at 519. Although the court acknowledged that "a circuit court may indirectly remedy the consequences of ineffective assistance of appellate

13

counsel through vacating and reinstating a sentence in order to allow a fresh appeal," it concluded that "we do not believe that the legislature intended the circuit courts to utilize sec. 974.06 in this oblique manner." Id.

¶31 Subsequent cases have stressed the importance of a remedy in determining the forum for an ineffective assistance of counsel claim. Rothering acknowledged that "[t]he appropriate forum is that one which is able to link the remedy closely to the scope of the constitutional violation." 205 Wis. 2d at 680. Likewise, Smalley stressed the importance of the ability to provide a remedy when it explained that the appropriate forum was the court of appeals "because the deadlines contained in Rule 809.30 are subject to the control of this court." State ex rel. Smalley v. Morgan, 211 Wis. 2d 795, 799, 565 N.W.2d 805 (Ct. App. 1997).

¶32 We acknowledge that the remedy for the denial of effective assistance of counsel is to restore the defendant to the position he or she would have occupied but for counsel's ineffectiveness. State v. Quackenbush, 2005 WI App 2, ¶17, 278 Wis. 2d 611, 692 N.W.2d 340 (2004) (citing Betts v. Litscher, 241 F.3d 594, 597 (7th Cir. 2001); State ex rel. Seibert v. Macht, 2001 WI 67, ¶20, 244 Wis. 2d 378, 627 N.W.2d 881). Accordingly, where the alleged ineffectiveness was the failure to file a notice of intent, the remedy would be to extend the time period for a defendant to file a notice of intent. Id. As discussed above, the court of appeals' "authority to extend the time periods of Rule 809.30 is to the exclusion of the trial

14

court." Rembert, 99 Wis. 2d at 406 n.4. The inability of the circuit court to provide a remedy suggests that a claim that counsel was ineffective by failing to file a notice of intent to pursue postconviction relief should be brought in the court of appeals.

¶33 The approach Kyles advocates for is more in line with the above cases focusing on the available remedy. Although Kyles agrees that Knight and Rothering generally apply, he points to subsequent cases that have developed exceptions to the rule regarding selecting the appropriate forum where the error allegedly results in the failure to commence an appeal.

¶34 In Smalley, 211 Wis. 2d 795, the defendant alleged his counsel was ineffective for failing to pursue an appeal or file a no merit report, denying him his direct appeal from his conviction. The court determined that "regardless of whether such an appeal had to be preceded by a postconviction motion, [counsel's failure to commence an appeal] can be challenged by a Knight petition in this court because counsel's inaction in this court is at issue." Id. at 798-99.

¶35 The court reiterated this exception in State ex rel. Ford v. Holm, 2004 WI App 22, ¶9 n.4, 269 Wis. 2d 810, 676 N.W.2d 500 ("Although the allegation of ineffective assistance of counsel in this case involves the alleged actions or omissions of counsel prior to the filing of an appeal, it is nonetheless properly raised by way of a Knight petition in this court.") and State ex rel. Santana v. Endicott, 2006 WI App 13, ¶4, 288 Wis. 2d 707, 709 N.W.2d 515 ("a Knight petition in this

15

court provided the proper vehicle for defendants to attack appointed counsel's failure to commence an appeal governed by Wis. Stat. Rule 809.30 or Wis. Stat. Rule 809.32, whether or not the appeal had to be preceded by a postconviction motion.").

¶36 Kyles asserts that we should follow the Smalley and Santana line of cases and determine that the court of appeals is the appropriate forum for a claim that counsel's ineffectiveness resulted in the failure to file a notice of intent to pursue postconviction relief because counsel's alleged ineffectiveness amounted to the failure to commence an appeal. He contends that the court of appeals is the correct forum because it can provide an extension of the timeline for Kyles to file a notice of intent to pursue postconviction relief.

¶37 We agree with Kyles that the issue here is similar to that addressed in Smalley and Santana. Filing a notice of intent to pursue postconviction relief with the circuit court is a prerequisite to filing an appeal with the court of appeals. Wis. Stat. § 809.30(2)(b). Thus, ineffectiveness that results in the failure to file that notice is akin to ineffectiveness involving the failure to commence an appeal. It is not a great stretch to extend the exception from Smalley and Santana to this type of claim.

¶38 Because the circuit court is unable to provide a remedy for the failure to file a notice of intent to seek postconviction relief and because our case law permits similar claims to be brought in the court of appeals, we determine that the court of appeals is the proper forum for claims of

16

ineffectiveness premised on counsel's failure to file a notice of intent. Although claims of ineffective assistance of counsel should generally be brought in the forum where the alleged error occurred, if that forum is unable to provide a remedy it is proper to petition a forum where relief can be granted.

¶39 Having determined that the appropriate forum is the court of appeals, we turn to address the appropriate procedure for a claim of ineffectiveness premised upon the failure to file a notice of intent to pursue postconviction relief. Although the parties' briefs suggest that there are two options, filing a habeas petition and filing a motion to extend time under Wis. Stat. § 809.82(2), they ultimately agree that a habeas petition is more appropriate. We agree. We conclude that Evans, 273 Wis. 2d 192, dictates that in most circumstances a habeas petition is the appropriate procedure to follow.

¶40 In Evans, the court addressed a defendant's motion under Wis. Stat. § 809.82(2) to extend time to file an appeal or postconviction motion. 273 Wis. 2d 192. Such a motion needs to show good cause for the extension. Wis. Stat. § 809.82(2). The defendant's alleged good cause was ineffectiveness of his counsel on direct appeal. Id., ¶21. The court concluded that a motion under Wis. Stat. § 809.82(2) was "ill suited" for defendant's request. Id., ¶51.

¶41 The Evans analysis stressed "the fundamental difference between a § (Rule) 809.82(2) motion and a Knight petition." Id., ¶37. It noted that a § 809.82(2) motion is a procedural mechanism for extending time based on good cause and

17

does not resolve the merits of an underlying claim or appeal. Id., ¶38. The court recognized that the court of appeals has a lenient policy in granting such extension motions and that the motions are decided fairly quickly, possibly without any response from an adverse party. Id.

¶42 In contrast, Evans stated that Knight petitions are more substantive, challenging the lawfulness of an individual's imprisonment based on the denial of effective assistance of counsel. Id., ¶39. Determinations of effectiveness of counsel are often fact-intensive inquiries, which can involve several important and novel questions of law. Id., ¶¶43-44, 52. The court noted that unlike § 809.82(2) motions, Knight petitions may take a substantial time to resolve due to the issues involved and fact-intensive nature of their inquiries. Id., ¶53.

¶43 Additionally, the court observed that allowing defendants to use a § 809.82(2) motion to address ineffective assistance of counsel "would eviscerate our decision in Knight." Id., ¶56. Motions under Wis. Stat. § 809.82 are more attractive to defendants given the court of appeals' lenient policy towards them and the shorter timeframes. Id. "However, while expeditiousness may often be desirous, celerity is no substitute for reasoned judicial analysis of significant legal issues." Id. Accordingly, the court determined that "[u]tilizing § (Rule) 809.82(2), a procedural mechanism, as a substitute for a Knight petition for habeas corpus, so as to avoid making a substantive determination that a defendant was denied the

18

effective assistance of appellate counsel constitutes an erroneous exercise of discretion." Id., ¶59.

¶44 Although in Evans the alleged error by counsel was not the failure to file a notice of intent, this is a distinction without a difference. Evans was not limited to the exact fact scenario at issue in that case, but expressed general guidelines for determining when a Knight petition, as opposed to a motion under Wis. Stat. § 809.82(2), is appropriate. Accordingly, we reaffirm Evans' holding that the complex legal issues involved and fact-intensive inquiry required by most ineffective assistance of counsel claims in the court of appeals requires the more thorough analysis provided by a Knight petition.[12]

¶45 In this case, Kyles alleges that the ineffective assistance resulted in the failure to file a notice of intent. Kyles asserts that his attorney was unavailable during the 20-day time period for filing a notice of intent to pursue postconviction relief and, despite his letter to Flanagan and the message his mother left with Flanagan's office communicating Kyles' desire to appeal, Flanagan failed to file the notice of intent. He further alleges that his attorney failed to seek an extension of the time to file the notice of intent. The circuit

---

[12] We acknowledge that not all ineffectiveness claims involve fact-intensive inquiries and complex legal issues. For example, counsel could miss the deadline for filing a notice of intent by a day or two due to office failure or incorrectly noting the deadline. In such circumstances the truncated procedure provided by Wis. Stat. § 809.82(2) may be more appropriate. See State v. Quackenbush, 2005 WI App 2, 278 Wis. 2d 611, 692 N.W.2d 340.

19

court is unable to provide the requested relief of extending the deadline for Kyles to file his notice of intent. Accordingly, a Knight petition to the court of appeals was the appropriate vehicle for Kyles to seek relief.

¶46 Finally, having determined that a claim of ineffectiveness premised upon the failure to file a notice of intent should be filed via a Knight petition to the court of appeals, we turn to address whether the Knight petition Kyles filed was sufficient to entitle him to an evidentiary hearing on his claims.

¶47 The parties agree that if a Knight petition is the correct procedure, a hearing is required if the petition alleges sufficient facts which, if true, show that the defendant is entitled to relief. This analysis is consistent with our jurisprudence. See Balliette, 336 Wis. 2d 358, ¶18 ("If the motion raises sufficient facts that, if true, show that the defendant is entitled to relief, the circuit court must hold an evidentiary hearing. However, if the motion does not raise such facts, 'or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief,' the grant or denial of the motion is a matter of discretion entrusted to the circuit court."); State v. Allen, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433 (same); State v. Bentley, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996) (same). If fact-finding is necessary, the court of appeals has the authority "to submit the matter to a referee or to the

circuit court for inquiry into counsel's conduct." <u>Knight</u>, 168 Wis. 2d at 521; Wis. Stat. § 752.39.

¶48 A defendant is entitled to relief if "counsel's actions or inaction constituted deficient performance and [] the deficiency caused him prejudice." <u>State v. Love</u>, 2005 WI 116, ¶30, 284 Wis. 2d 111, 700 N.W.2d 62 (quoting <u>State v. Brunette</u>, 220 Wis. 2d 431, 445, 583 N.W.2d 174 (Ct. App. 1998)). Where a defendant has been deprived counsel altogether, the defendant is relieved of the burden of showing prejudice. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 483 (2000); <u>Strickland v. Washington</u>, 466 U.S. 668, 692 (1984). Counsel's failure to file a notice of appeal after being instructed to do so constitutes the deprivation of counsel. <u>United States v. Nagib</u>, 56 F.3d 798, 801 (7th Cir. 1995).

¶49 In this case, Kyles' <u>Knight</u> petition alleges sufficient facts which, if true, entitle him to relief. It sets forth three bases for counsel's ineffectiveness: (1) the failure to be available during the 20-day period to file the notice of intent; (2) the failure to file the notice of intent; and (3) the failure to seek an extension of time to file the notice of intent.

¶50 In support of those claims, the <u>Knight</u> petition to the court of appeals and attached exhibits detail Kyles' desire to appeal, his multiple attempts to contact Flanagan during the 20-day time period for filing the notice of intent to seek postconviction relief, a letter he mailed to Flanagan conveying his desire that Flanagan file the notice of intent, and a phone

21

message Kyles' mother left with Flanagan's office stating that Kyles wished to appeal. The petition further asserts that when Kyles finally met with Flanagan after the time period for filing the notice of intent had expired, Flanagan told him that the deadline for filing a notice of appeal had expired. It asserts that after Flanagan became aware of Kyles' desire for an appeal, he should have filed a motion to extend the deadline for filing the notice of intent. These facts, if true, establish that Kyles was denied assistance of counsel during his appeal. Accordingly, Kyles is entitled to a hearing on his habeas petition.

¶51 Although the state concedes that the habeas petition contains sufficient facts which, if true, entitle Kyles to a hearing, it asserts that this court should not consider Kyles' claim regarding Flanagan's failure to file a motion for an extension because his petition for review included only two claims: that Flanagan was unavailable and that Flanagan failed to file the notice of intent. We disagree.

¶52 Kyles filed his petition for review pro se. As such, we follow our policy of liberally construing the sufficiency of pro se petitions. Love, 284 Wis. 2d 111, ¶29; State ex rel. L'Minggio v. Gamble, 2003 WI 82, ¶16, 263 Wis. 2d 55, 667 N.W.2d 1.

¶53 Construing Kyles' petition for review liberally, we determine that it was sufficient to raise the issue of Flanagan's failure to file a motion to extend the time for filing a notice of intent to pursue postconviction relief.

22

Kyles' petition alleges that when he met with Flanagan after the time for filing had expired, Kyles informed Flanagan that he wanted to appeal. It further alleges that Flanagan informed Kyles that there were few non-frivolous issues for appeal, noted that the time limits for filing had expired, and then changed the subject. The petition then states that due to this conversation "Kyles believed that the time to appeal his conviction was lost based on Flanagan's advi[c]e and Kyles' unawareness of a procedural mechanism to restore time limits."

¶54 The factual allegations concerning Flanagan's failure to file a motion to extend the deadline for filing the notice of intent are inextricably intertwined with his claims that Flanagan was ineffective for failing to file the notice of intent. Flanagan's failure to seek an extension to file the notice of intent was just another component of Kyles' claim that he was abandoned by counsel, left unrepresented during a critical time, and consequently denied his right to appeal. As discussed above, the deprivation of counsel during an appeal is per se prejudicial. Nagib, 56 F.3d at 801. Thus, Kyles' petition for review was sufficient to preserve his claim.

¶55 The state also contends that the Knight petition is procedurally barred. It asserts that because Kyles already pursued remedies in the circuit court and the court of appeals, he is unable to raise his ineffective assistance of counsel claims again. We are not persuaded by this argument.

¶56 "[O]ne principal reason why defendants are entitled to counsel on direct appeal is so that they will not make the kind

23

of procedural errors that unrepresented defendants tend to commit." Betts v. Litscher, 241 F.3d 594, 596 (7th Cir. 2001). It is incongruous to state that a defendant was denied the right to counsel and then preclude the defendant from raising a claim because of errors made due to the absence of counsel. Page v. Frank, 343 F.3d 901, 909 (7th Cir. 2003); see also Coleman v. Thompson, 501 U.S. 722, 754 (1991) ("if the procedural [error] is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the [error] be imputed to the State").

¶57 Here, Kyles' various attempts at appealing his case pro se after he was allegedly denied counsel were thwarted due to his lack of legal knowledge and the lower courts' confusion over where and how he should file his claims. His first petition was denied by the court of appeals as inappropriate for that forum. When he sought relief in the circuit court, it determined that he did not correctly allege his claims. In response to his subsequent petition, the court of appeals misconstrued the circuit court's determination as a finding that Kyles did not show that he instructed his attorney to file a notice of intent. The court of appeals has yet to address the merits of Kyles' claims. Accordingly, we reject the state's argument that Kyles' prior unsuccessful pro se attempts to seek relief barred Kyles from bringing his Knight petition.

IV

¶58 In sum, we determine that the court where the alleged ineffective assistance of counsel occurred is the proper forum

24

in which to seek relief unless that forum is unable to provide the relief necessary to address the ineffectiveness claim. The remedy for an attorney's failure to file a notice of intent to pursue postconviction relief is an extension of the timeframe to file the notice. Because the circuit court is without authority to extend the deadline to file a notice of intent to pursue post conviction relief, we conclude that the proper forum here lies in the court of appeals. We also conclude that where such a claim is made to the court of appeals it should be in the form of a habeas petition pursuant to Knight.

¶59 We further conclude that Kyles' habeas petition set forth sufficient facts to entitle him to an evidentiary hearing on his ineffective assistance of counsel claims. Accordingly, we reverse the decision of the court of appeals and remand to the court of appeals to appoint a referee or refer the case to the circuit court for an evidentiary hearing.

*By the Court.*—The decision of the court of appeals is reversed, and the cause is remanded to the court of appeals.